# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL LOCK,
        Petitioner,

v.                                                                           Case No. 15-C-0047

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,
        Respondent.

## ORDER

Michael Lock filed a petition under 28 U.S.C. § 2254. In a prior order, I reviewed the petition under Rule 4 of the Rules Governing § 2254 Cases, determined that the case could proceed, ordered the respondent to file an answer, and set a briefing schedule on the merits of the petition. The day before the petitioner's merits brief was due, his counsel, Amelia Bizzaro, filed a motion to withdraw as counsel, for the appointment of new counsel to represent the petitioner, and to suspend the briefing schedule until new counsel is appointed. The respondent has not opposed the motion.

Attorney Bizzaro moves to withdraw because she has accepted a position at the Federal Defender's Office in Las Vegas, Nevada, and will be closing her practice in Wisconsin. I will grant her request to withdraw. However, I will not appoint successor counsel.

Appointment of counsel for indigent habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. See 18 U.S.C. § 3006A; Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case,

the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). With regard to the second inquiry, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherenty present it." Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013) (citing Pruitt, 503 F.3d at 655).

Here, it appears from Attorney Bizzaro's motion that the petitioner is indigent. I will also assume that the petitioner has attempted to find successor counsel on his own. However, at this point, I cannot find that, given the difficulty of the case, Lock is not competent to litigate it himself. Although the petitioner's claims—and habeas procedure—may be complex, state inmates routinely represent themselves in habeas cases that involve similar claims and are able to coherently present their case. Nothing in the petitioner's motion suggests that Lock will not be able to do the same. Therefore, Lock's motion for appointment of counsel will be denied.

Finally, although I will not grant the petitioner's motion for an indefinite suspension of the briefing schedule, I will grant him an additional 45 days to file his pro se brief in support of his petition.

Accordingly, **IT IS ORDERED** that Attorney Bizzaro's motion to withdraw is **GRANTED**.

**IT IS FURTHER ORDERED** that the petitioner's motion to appoint successor counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's motion to suspend the briefing schedule is **DENIED** but that he has until **December 7, 2015** to file his pro se brief in support of his petition. The respondent shall have 45 days following the filing of the petitioner's initial brief within which to file a brief in opposition, and the petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

**FINALLY, IT IS ORDERED** that Attorney Bizzaro shall provide the petitioner with a copy of this order and shall instruct the petitioner to provide the Clerk of Court with an address for mailing future orders to him.

Dated at Milwaukee, Wisconsin, this 21st day of October, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge